Civilian fay; dismissal; back fay; laches. — Plaintiff, a civilian employee of the Military Sea Transportation Service, was removed from employment on August 31,1958, for disobeyance of orders, and sued in this court to recover back pay, plus subsistence, allowances and pay raises- to which he may have been entitled. Defendant moved the court to dismiss the case or to tranfer it to the appropriate district court under section 2 of the Act of September 13, 1960, 74 Stat. 912, 28 U.S.'C. § 1506, on the ground that the claim was within the exclusive jurisdiction of the district court under section 2 of the Suits in Admiralty Act of 1920, as amended, 46 U.'S.C. § 742. On May 3, 1965, the court by order (170 Ct. Cl. 898), denied defendant’s motion to dismiss but granted the motion to transfer the case to the appropriate United States district court. On June 14, 1967, the United States District Court for the District of Columbia, on plaintiff’s oral motion to transfer the case back to the United *563 States Court of Claims, in noting that the United States Supreme Court in Amell v. United States, 384 U.S. 158 (1966), held that in a cause containing substantially the same jurisdictional question, held that such a cause is properly cognizable under the Tucker Act, 28 U.S.C. § 1346, and ordered that the instant case be transferred to the Court of 'Claims. Following transfer, defendant on July 1, 1969, moved for summary judgment contending that plaintiff’s claim is barred by laches. Plaintiff has filed no responses or opposition. The court, upon consideration of defendant’s motion for summary judgment, without oral argument, concluded that plaintiff’s alleged claim is barred under the doctrine of laches. See Alpert v. United States, 161 Ct. Cl. 810, 820-21 (1963); Gersten v. United States, 176 Ct. Cl. 633, 635-37, 364 F. 2d 850, 851-53 (1966); Jackson v. United States, 179 Ct. Cl. 29, 36-37, cert. denied, 389 U.S. 985 (1967); and Grisham v. United States, 183 Ct. Cl. 657, 662-64, 392 F. 2d 980, 983 (1968). On October 3, 1969, the court ordered that defendant’s motion for summary judgment be granted, and dismissed plaintiff’s petition.